UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE BERNARDO CORREA PAIVA,<br><br>                                    Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>                                    Respondents. | Case No.:  3:26-cv-01246-CAB-DDL<br><br>**(1) ORDER REQUIRING RESPONSE TO PETITION FOR A WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER;**<br><br>**[Docs. No. 1, 2]**<br><br>**(2) ORDER DENYING MOTION TO ADD ADDITIONAL MAILING ADDRESS**<br><br>**[Doc. No. 3]** |

Petitioner Enrique Bernardo Correa Paiva ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [Doc. No. 1 ("Petition")], and a motion for temporary restraining order, [Doc. No. 2 ("TRO")].  Petitioner alleges he was detained by immigration authorities on August 25, 2025 at a Customs and Border Protection checkpoint despite having a pending asylum application.  [TRO at 1.]  Petitioner claims that he has been detained since then without a bond hearing in violation of the Due Process Clause of

the Fifth Amendment. [Petition at 6.]  He seeks immediate release from custody, or at minimum, a bond hearing.  [*Id.* at 7.]

Having reviewed the Petition, the Court finds summary dismissal is unwarranted at this time.  *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.").  Therefore, the Court will order a response to the Petition.

Turning to the TRO, while temporary restraining orders may be heard in true *ex parte* fashion (i.e., without notice to an opposing party), the Court's strong preference is for the opposing party to be served and afforded a reasonable opportunity to file an opposition.  *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974) (discussing *ex parte* temporary restraining orders and their "stringent restrictions"); *accord Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (same).  The Court will order a response and consolidate a decision on the motion for TRO with a determination on the merits under Rule 65(a)(2).  *See* Fed. R. Civ. P. 65(a)(2); *see also Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*, 4 F.4th 747, 759 (9th Cir. 2021) (noting the court must invoke Rule 65(a)(2) by giving "clear and unambiguous notice").

Petitioner also moves to add an additional mailing address to the docket.  [Doc. No. 3.]  Because the Court's CM/ECF system does not permit the addition of multiple mailing addresses for a pro se litigant, the request is **DENIED**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, the Court **ORDERS** as follows:

1.    Respondents shall file a response by **March 12, 2026**.  The response must address the allegations in the Petition and the motion for TRO and must include any documents relevant to the determination of the issues raised.  Respondents shall serve a copy of the response on Petitioner by **March 13, 2026.**

2.    Petitioner may file a reply by **March 20, 2026**.

3.    To maintain the status quo, Respondents, their officers, agents, servants, employees, attorneys, and other persons who act in concert or participation with Respondents  **SHALL NOT** transfer Petitioner outside of the Southern District of California pending the Court's resolution of the Petition.[1]

4.    The Clerk of Court shall provide the Civil Division of the U.S. Attorney's Office with a copy of the Petition, the motion for TRO, and this order.

It is **SO ORDERED**.

Dated: March 5, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] *See Doe v. Bondi*, Case No. 3:25-cv-805-BJC-JLB, 2025 WL 1870979, at *1 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether [they have] subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (collecting cases).

3:26-cv-01246-CAB-DDL