UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ENRIQUE BERNARDO CORREA PAIVA,

Petitioner,

v.

WARDEN, IMPERIAL DETENTION CENTER, et al.,

Respondents.

Case No.:  3:26-cv-1246-CAB-DDL

**ORDER:**
**(1) GRANTING A WRIT OF HABEAS CORPUS; and**

**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT [Doc. No. 2].**

Pending before the Court is Petitioner Enrique Bernardo Correa Paiva's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [Doc. No. 1 ("Petition")], and a motion for temporary restraining order, [Doc. No. 2].  Petitioner alleges that he entered the United States in December 2023 seeking asylum, was detained by Immigration and Customs Enforcement ("ICE") and released shortly thereafter on his own recognizance to continue his immigration proceedings outside detention, and then was re-detained without notice on August 24, 2025 at a Customs and Border Protection checkpoint in Jamul, California.  [Doc. No. 12 at 3.]  While detained, an immigration judge ordered Petitioner removed to Ecuador; Petitioner has appealed that decision to the Board of Immigration

1

Appeals.  [*Id.* at 4.]  Petitioner claims that his detention violates the Due Process Clause of the Fifth Amendment.  [*Id.* at 6.]

Respondents do not contest any of Petitioner's asserted facts.  [Doc. No. 8, 14.]  Nor do Respondents make any legal arguments against Petitioner's claim that his re-detention violates the Due Process Clause of the Fifth Amendment.  [Doc. No. 14 at 2.]  Instead, Respondents "do not oppose and defer to the Court as to the appropriate relief in this case." [*Id.*]

In light of Petitioner's unrefuted facts and legal claim under the Fifth Amendment, the Court **GRANTS** a writ of habeas corpus based on the reasoning the Court has articulated in similar cases.  *E.g.*, *Tokhi v. LaRose, et al.*, Case No. 3:26-cv-0803-CAB-VET (S.D. Cal. Feb 19, 2026).  The Court therefore **ORDERS** Respondents to immediately release Petitioner under the same conditions of release that existed immediately prior to his August 24, 2025 re-detention.

The motion for temporary restraining order is **DENIED AS MOOT**. [Doc. No. 2.]

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: April 8, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

2

3:26-cv-1246-CAB-DDL